[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14768
Non-Argument Calendar

_____

D.C. Docket No. 07-60115-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JERMAINE KEVIN ROSS,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 11, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jermaine Kevin Ross appeals his conviction for possession of a firearm, after having been previously convicted of a felony, in violation of 18 U.S.C. § 924(g)(1). Ross argues that the district court erred in denying his motion to suppress the firearm. The district court found that Ross did not have standing to object to the seizure of the firearm. On appeal, Ross contends that he had standing to challenge the search of the parked vehicle in which he was sitting as a passenger.

In reviewing a district court's denial of a motion to suppress, we review its factual findings for clear error and its application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235–36 (11th Cir. 2007). Here, Ross challenges only the district court's application of law to the facts of this case.

In this case, Ross was a passenger in a private car. It is well-established that a passenger in a private car, who has no possessory interest in the car, does not have a legitimate expectation of privacy in the interior of the vehicle because he does not have the right to exclude others from the car. Rakas v. Illinois, 439 U.S. 128, 140, 143 n.12 (1978); United States v. Harris, No. 07-13473, 2008 U.S. App. LEXIS 9814, at *7 (11th Cir. May 8, 2008). Ross has not demonstrated that he has an ownership interest over either the vehicle or the firearm seized.

We also find Brendlin v. California, ___ U.S. ___, 127 S. Ct. 2400, 168 L.

Ed. 2d 132 (2007), inapposite to the facts of this case. In <u>Brendlin</u>, the Supreme Court found that a passenger, as well as the driver of a vehicle, are seized under the Fourth Amendment when a police officer subjects them to a traffic stop, not only when they are formally arrested. Thus, the passenger of a vehicle has standing to challenge the constitutionality of a traffic stop. <u>Brendlin</u>, 127 S. Ct. at 2407–08. Here, however, there was no stop of the vehicle in which Ross was sitting or of Ross' person. Ross was arrested after the police officer saw Ross handling an assault rifle and then attempting to conceal it.

**AFFIRMED.**